UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EUGENE SMITH,

        Plaintiff,

vs.

        Case No. 3:15-cv-1020-J-39JBT

CORIZON, LLC, et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff Eugene Smith is an inmate confined in the Florida penal system. He is proceeding on a Third Amended Complaint (Complaint) (Doc. 35) pursuant to 42 U.S.C. § 1983 and is represented by counsel. Plaintiff filed his original Complaint (Docs. 1 & 2) pro se on July 24, 2015, pursuant to the mailbox rule.

Defendant Corizon, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint (Motion) (Doc. 36) is pending.[1] Plaintiff responded. See Plaintiff's Response in Opposition to Defendant Corizon, LLC's (hereinafter Corizon) Motion to Dismiss Plaintiff's Third Amended Complaint (Response) (Doc. 37). With leave of Court (Doc. 39), Defendant Corizon filed a Reply Memorandum to

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

Plaintiff's Response in Opposition to Corizon's Motion to Dismiss Plaintiff's Third Amended Complaint (Reply) (Doc. 40).

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

## III. Exhaustion of Administrative Remedies

Defendant Corizon contends that Plaintiff failed to exhaust his administrative remedies prior to filing suit regarding his claim of deliberate indifference to his serious medical needs and they seek the dismissal of that claim pursuant to 42 U.S.C. § 1997e(a). Motion at 8-12. More specifically, Corizon asserts that Plaintiff failed to properly exhaust the issue alleged in this lawsuit. See Affidavit of Alan McManus (Affidavit) (Doc. 7-1);

Chapter 33-103, Inmate Grievance Procedure (7-2); and Request for Administrative Remedy or Appeal and Response (Doc. 7-3).

The Prison Litigation Reform Act (PLRA) requires exhaustion of available administrative remedies before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court. Title 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

In this instance, Corizon bears the burden of proving a failure to exhaust available administrative remedies. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), relying on Jones v. Bock, 549 U.S. 199 (2007). Guidelines are provided for reviewing a prisoner civil rights action for exhaustion compliance:

> Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quotation omitted). To properly exhaust, a prisoner must "[c]ompl[y] with prison grievance procedures." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922–23, 166 L.Ed.2d 798 (2007).

3

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015).

A number of factors guide the Court. Initially, the Court recognizes that exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008); Jones, 549 U.S. at 211; Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]" Jones, 549 U.S. at 216. Although, "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford, 548 U.S. at 101, "exhaustion is mandatory under the PLRA[;]" therefore, "unexhausted claims cannot be brought." Pavao v. Sims, No. 15-11790, 2017 WL 540989, at * 3 (11th Cir. Feb. 10, 2017) (per curiam) (citation omitted).

As recognized by this Court,

> "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" 136 S. Ct. 1850, 1862 (2016). For an administrative remedy to be available, the "remedy must be 'capable of use for the accomplishment of [its] purpose.'" Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (quoting Goebert v. Lee Cty., 510 F.3d 1312, 1322–23 (11th Cir. 2007)).

> In Ross,[2] the Supreme Court identified three circumstances in which administrative remedies would be considered unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Id. Third, an administrative remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Davis v. Sec'y, Dept. of Corr., No. 3:15-CV-649-J-34JRK, 2017 WL 1885366, at *3–4 (M.D. Fla. May 9, 2017).

In reviewing the question of exhaustion, "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint. Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (citing Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) (en banc)). Indeed, "[t]he time the [PLRA] sets for determining whether exhaustion of administrative remedies has occurred is *when the legal action is brought*, because it is then that the exhaustion bar is to be applied." Wheeler v. Davis, No. 5:14CV271/WS/CJK, 2017 WL 1029119, at *3 (N.D. Fla. Feb. 6, 2017)

---

[2] Ross v. Blake, 136 S.Ct. 1850 (2016).

(report and recommendation) (quoting Goebert v. Lee Cty., 510 F.3d 1312, 1324 (11th Cir. 2007)) (emphasis in Wheeler), report and recommendation adopted by No. 5:14CV271-WS/CJK, 2017 WL 1027035 (N.D. Fla. Mar. 16, 2017). Thus, the relevant question before this Court is whether Plaintiff properly exhausted his available administrative remedies as of July 24, 2015.

As noted by Corizon in the Reply, Plaintiff was required to exhaust his administrative remedies prior to filing his lawsuit. Reply at 3. The question of availability of the procedure goes to whether the administrative procedure was available before July 24, 2015, prior to the filing of the initial complaint. To construe the exhaustion requirement otherwise would render the PLRA "a toothless scheme." Woodford, 548 U.S. at 95.

Plaintiff asserts that administrative remedies are no longer available to him because Corizon is no longer the medical provider for the Florida Department of Corrections (FDOC), and Plaintiff's failure to exhaust administrative remedies should be excused because his failure to exhaust cannot be cured. Response at 4. This contention does not win the day. A sister federal court, discussing proper exhaustion of administrative remedies, imparted the following rationale for rejecting any attempt to bypass the administrative process by waiting until the grievance procedure is unavailable or simply failing to properly seek internal administrative relief in a timely fashion:

> The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." Id. at 83–84; Bryant, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." Smith v. Terry, 491 Fed. Appx. 81, 83 (11th Cir. 2012).

Kashuba v. Corizon Operations, No. 2:14-CV-642-MHT-GMB, 2017 WL 1854693, at *5 (M.D. Ala. Apr. 18, 2017) (report and recommendation), report and recommendation adopted by No. 2:14CV642-MHT, 2017 WL 1843713 (M.D. Ala. May 8, 2017).

Exhaustion is considered mandatory and review is no longer left to the discretion of the district court. Therefore, an inmate should not expect that the merits of his claim will be reached if he has spurned the procedural rules or attempted to bypass the procedural requirements of exhaustion of administrative remedies.

7

In this case, the Court finds the grievance procedure was available to Plaintiff prior to the filing of his Complaint, and he simply did not follow or complete the procedure. An explanation follows.

In undertaking a review concerning the exhaustion of administrative remedies, the Court must employ a two-step process:

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner, 541 F.3d at 1081. In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley, 802 F.3d at 1209.

Additionally, not only is there a recognized exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to

> give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "**means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)**." Pozo,[3] 286 F.3d, at 1024. . . .

Id. at 90 (emphasis added). As such, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Id.

Of import, Plaintiff was not required to plead exhaustion. As a result, the Complaint, Amended Complaint, and Second Amended Complaint were not dismissed sua sponte, and Plaintiff was given the opportunity to file a Third Amended Complaint after appointment of counsel to represent him. See Order (Doc. 34). Looking at the factual allegations in the Motion and those in the Response and Reply, they simply do not conflict. Plaintiff does not assert that he properly exhausted his administrative remedies. Response at 4. Although Plaintiff avers that the PLRA does not preclude this action, Reply at 4, upon consideration, it clearly does.

First, it is quite apparent that Plaintiff "had an 'available' administrative remedy to exhaust" prior to the filing of his Complaint. Ross, 136 S.Ct. at 1860. The FDOC provides an internal grievance procedure for inmates, and it is set forth in Chapter 33-103, Florida Administrative Code. Generally, the procedure

---

[3] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir.), cert. denied, 537 U.S. 949 (2002).

provides a three-step grievance process. The Eleventh Circuit succinctly described this available administrative grievance procedure, including the specialized process adopted for grievances of a medical nature:

> In Florida, the grievance process consists of a three-step procedure. An inmate must first file an "informal grievance ... to the staff member who is responsible in the particular area of the problem." Fla. Admin. Code Ann. § 33-103.005(1). The second step requires the inmate file a formal grievance with the warden. Id. § 33-103.006(1)(a). If the inmate is unsuccessful at this point, he may submit an appeal to the Secretary of the DOC. Id. § 33-103.007.
>
> Medical grievances require only a two-step procedure: the inmate must file a formal grievance at the institutional level with the chief health officer. If the inmate is unsuccessful, he may file an appeal with the Secretary. Id. § 33-103.008.

Kozuh v. Nichols, 185 F. App'x 874, 877 (11th Cir. 2006) (per curiam), cert. denied, 549 U.S. 1222 (2007).

In 2015 (and before), Plaintiff had an available administrative remedy of filing a formal grievance of a medical nature at the institutional level. Fla. Admin. Code § 33-103.008(1), Grievances of Medical Nature (Doc. 7-2 at 12). If denied, he could appeal to the Office of the Secretary. Fla. Admin. Code § 33-103.007(1) (Doc. 7-2 at 10). Upon review, the inmate is required to attach a copy of his formal grievance and response, except under specified circumstances, to the appeal. Fla. Admin. Code § 33-103-007(5)(a) (Doc. 7-2 at 10).

Affiant Alan McManus attests that Plaintiff filed one grievance regarding his hormone therapy. Affidavit (Doc. 7-1 at 7). Plaintiff does not dispute this fact. Upon consideration, the record demonstrates that Plaintiff submitted one grievance concerning his medical claim on May 28, 2015, and he filed it directly with the Office of the Secretary. Request for Administrative Remedy or Appeal Dated May 28, 2015 (Doc. 7-3 at 1). In Response, the Secretary's Representative, on June 18, 2015, wrote, in pertinent part:

> Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.008, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.
>
> Rule requires that Complaint of this nature, as the one stated in your appeal, be initiated at the formal level to Medical Staff.
>
> Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location with Chapter 33-103, Inmate Grievance Procedure.
>
> Based on the foregoing information, your appeal is returned without action.

Response Dated June 18, 2015 (Doc. 7-3 at 2).

Plaintiff failed to comply with proper grievance procedures. He failed to provide the Secretary with a copy of a formal grievance filed at the institutional level, since he never filed

one at that level, and he failed to provide an acceptable reason for bypassing the institutional level, as required by the rules.[4] See Motion at 10.

Also of import, Plaintiff failed to properly complete the two-step process with respect to his medical claim of denial of hormone therapy. He does not deny this fact. As such, "[t]here is no material conflict in the factual allegations in Defendant's motion and those in Plaintiff's response insofar as concerns whether Plaintiff correctly completed the [two-step] grievance process." Pavao v. Sims, No. 5:13-cv233-WS, 2015 WL 1458161, at *5 (N.D. Fla. Mar. 30, 2015). Also, the record shows that the prison officials informed Plaintiff of the proper steps needed to correctly grieve his claim of deprivation of medical care, and Plaintiff simply failed to follow these recommended steps to comply with the grievance process.

In exhausting a medical grievance, an inmate is required to submit a grievance of a medical nature to the medical department, and if unsuccessful in gaining relief at the institutional level, he must follow it with an appeal to the Secretary. Kozuh, 185 F.

---

[4] Direct grievances to the Office of the Secretary are permitted in very limited circumstances, as set forth in Fla. Admin. Code § 33-103.007(6)(a), Direct Grievances. If improperly submitted to the Secretary, the grievance is returned to the inmate, providing the reason for return and informing the inmate to resubmit his grievance at the appropriate level. Id. at 33-103.007(6)(d). It is returned without further processing. Id. at 33-103.014(1)(f).

App'x at 877.  In this case, there is only one grievance appeal to the Secretary of record, and that grievance appeal, improperly filed directly with the Office of the Secretary, was returned to Plaintiff without action for Plaintiff's failure to properly follow the administrative grievance procedure.

Based on the above, the Court concludes that the administrative grievance process was available to Plaintiff in 2015, and before.  The grievance Response (Doc. 7-3 at 2), dated June 18, 2015 and filed with the Agency Clerk on June 24, 2015, referred Plaintiff to the appropriate administrative process to properly exhaust his medical claim and seek administrative relief.  Instead of heeding this advice, Plaintiff completed a Complaint (Docs. 1 & 2) and provided it to the prison authorities for mailing on June 24, 2015.

Plaintiff simply failed to use that process and properly file a medical grievance and fully exhaust his administrative remedies in compliance with the procedural rules.  Thus, he failed to exhaust his administrative remedies prior to filing a lawsuit to seek judicial redress.  Therefore, the Court concludes that Plaintiff failed to exhaust his administrative remedies in compliance with the procedural rules.  Thus, Corizon's Motion To Dismiss for failure to exhaust administrative remedies, a matter in abatement, is due to be granted.

**ORDERED:**

1. Defendant Corizon LLC's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 36) is **GRANTED** with respect to the request to dismiss the action pursuant to 42 U.S.C. § 1997e(a). In all other respects, the Motion is **DENIED** without prejudice.

2. The Third Amended Complaint (Doc. 35) and this case are **DISMISSED without prejudice** in accordance with the provisions of 42 U.S.C. 1997e(a) for the Plaintiff's failure to properly exhaust administrative remedies.

3. The **Clerk** shall enter judgment stating that the case and all claims are dismissed for failure to properly exhaust administrative remedies.

4. The **Clerk** shall close this case.

5. The Court appreciates the service of pro bono counsel.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of August, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 7/28
c:
Counsel of Record